# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **WARREN B. MOORE,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. |
| : | 5:07-CV-352(HL) |
| **ANTHONY L. BICKLEY, RANDALL** : | |
| **BICKLEY, CHARLOTTE D. BICKLEY,** : | |
| **RONALD A. BICKLEY, DESMAL** : | |
| **BICKLEY, JOYCE H. GLISSON f/k/a** : | |
| **JOYCE H. BICKLEY, MICHAEL** : | |
| **GREENE, BICKLEY'S LAKESIDE** | |
| **PROPERTIES, LLC, and BICKLEY'S** | |
| **LAKE, INC.** | |
| | |
| **Defendants.** | |

## ORDER

This Court conducts an initial review of each case. The initial review ensures that each case has a proper jurisdictional basis. Proper jurisdiction is important because federal courts only have limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] They possess only that power authorized by the United States Constitution and by federal statutes. Kokkonen, 511 U.S. at 377; Save the Bay, 639 F.2d at 1102. Therefore,

---

[1] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

1

federal courts should constantly examine a case's jurisdictional basis – even on their own initiative if necessary. Save the Bay, 639 F.2d at 1102 (citing Fed. R. Civ. P. 12(h)(3)); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908)).

Original jurisdiction may be based on a federal question or on diversity of citizenship. 28 U.S.C.A. § 1331 (West 2006); 28 U.S.C.A. § 1332 (West 2006). Jurisdiction in this case is based on diversity of citizenship. A federal court has diversity jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a)(1). Generally, it is the plaintiff's burden to allege, with sufficient particularity, facts creating jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000). This Order focuses on the citizenship requirement of diversity jurisdiction.

A party must plead citizenship distinctly and affirmatively. Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980); Am. Motorists Ins. Co. v. Am. Emp. Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979); see also Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992). Regarding natural persons, there is no statutory definition of what constitutes a "citizen" for diversity purposes. 15 James Wm. Moore et al., Moore's Federal Practice, § 102.30 (3d ed. 2004) [hereinafter "Moore's"](citing Galva Foundry Co. v. Heiden, 924 F.2d 729, 730 (7th Cir. 1991)). Federal courts interpret citizenship under § 1332 as requiring a natural person to be a United States citizen and to be domiciled in a state. See, e.g., Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), aff'd, 13 F.3d 409 (11th Cir. 1994). Thus, there are two necessary inquiries regarding citizenship for diversity

jurisdiction: (1) whether the person is a United States citizen, and (2) whether the person is domiciled in a particular state. 15 Moore's, § 102.30.

Under the first inquiry, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States." U.S. Const. Amend. XIV, § 1. Regarding the second inquiry, domicile – synonymous with "state citizenship" in diversity jurisprudence – generally requires two elements: (1) physical presence in a state; and (2) the intent to make the state one's home. Duff, 804 F. Supp. at 334. A complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction. Id.; e.g., Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998). This is because domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere. See Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).

Regarding parties that are not natural persons, a corporation is a citizen of any State in which it was incorporated and of the State of its one principal place of business. See 28 U.S.C.A. § 1332(c)(1); Bel-Bel Intern. Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998). When a party is a limited liability company rather than a corporation, the limited liability company is a citizen of the states of which its members are citizens. Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); Ennis v. Flowers Baking Co. of Bradenton, LLC, No. 6:07-cv-292-Orl-31JGG, 2007 WL 1068139, at *1 (M.D. Fla. Apr. 6, 2007). Further, regarding all parties, "complete diversity" must exist for the court to retain jurisdiction – that is, every plaintiff must be diverse from every defendant. Triggs v. John

Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

Here, Plaintiff has failed to properly plead the citizenship of all parties. As to the parties that are natural persons, Plaintiff has alleged that he is a "resident" of Florida. (Compl., 1). Plaintiff has also alleged that Defendants Anthony L. Bickley, Randall Bickley, Charlotte D. Bickley, Joyce H. Glisson, and Ronald A. Bickley are "residents" of Georgia. (Compl., 2-6). Because Plaintiff alleged the residency of these parties and not their citizenship, the Plaintiff has failed to properly plead their citizenship for purposes of diversity jurisdiction. In addition, Plaintiff has alleged that Defendant Desmal Bickley is the mother of several of the Defendants, but has not alleged her state of citizenship. (Compl., 7). Plaintiff has alleged that Defendant Michael Greene is Defendant Anthony Bickley's business partner, but Plaintiff has not alleged Defendant Greene's state of citizenship. (Compl., 8). Therefore, Plaintiff has also improperly alleged the citizenship of Defendants Desmal Bickley and Michael Greene.

As to the parties that are entities rather than natural persons, Plaintiff has alleged that Defendant Bickley's Lakeside Properties, LLC is a Georgia limited liability company, but Plaintiff has not alleged the citizenship of its members. (Compl., 9, 11). Last, Plaintiff has alleged that Defendant Bickley's Lake, Inc. is a Georgia corporation, but Plaintiff has not alleged the corporation's principal place of business. Accordingly, Plaintiff has failed to properly plead the citizenship of Defendant's Bickley's Lakeside Properties, LLC and Bickley's Lake, Inc.

To correct deficient allegations of citizenship, Plaintiff shall amend his complaint

4

(Doc. 1), if at all, no later than twenty (20) days after this Order is entered on the docket.  If Plaintiff fails to file the amendment by the deadline set forth above, this case shall be dismissed for want of jurisdiction.

    **SO ORDERED**, this the 21st day of September, 2007.


            *s/   Hugh Lawson*
            **HUGH LAWSON, Judge**


dhc